**HERMAN THOMSEN, dba BLUE ANGEL OCEANIC TRANSFERS, Plaintiff**

**v.**

**BANK OF HAWAII, Defendant**

High Court of American Samoa
Trial Division

CA No. 48-93

June 6, 1995

Before RICHMOND, Associate Justice, TAUANU`U, Chief Associate Judge, and LOGOAI, Associate Judge.

Counsel:  For Plaintiff, Aviata F. Fa`alevao
     For Defendant, Brian M. Thompson

Order Permitting Amendment of Complaint:

## FACTS

Plaintiff Herman Thomsen ("Thomsen") seeks to amend his complaint in this action against defendant Bank of Hawaii ("BOH") for honoring forged checks. The original complaint was filed on April 14, 1993, and the present motion was filed on March 15, 1995. BOH claims that amendment would be unjust because: (1) it follows the original complaint by almost two years; (2) it adds a damage claim three times greater than that alleged in the original complaint; and (3) it is beyond the scope of the original complaint.

## STANDARD OF REVIEW

■ T.C.R.C.P. 15(a) gives the court wide latitude to permit amendment. The relevant language in the rule states: "[A] party may amend his pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires . . . ." T.C.R.C.P. 15(a).

Accordingly, if we find that the ends of justice and fairness are legitimately furthered by amendment, we will permit it.

## DISCUSSION

■ In *McKenzie v. Le`iato*, CA No. 113-94, slip op. at 2 (Trial Div. Dec. 14, 1994), we interpreted the U.S. Supreme Court's holding in *Foman v. Davis*, 371 U.S. 178 (1962), to support the principle that a trial court may not deny leave to amend without justification. In *McKenzie*, we further held that the fact that a trial has not been scheduled weighs heavily in favor of permitting amendment. Other considerations utilized by the *McKenzie* court were whether the proposed amendments restate, in expanded form, the allegations of the original complaint, and whether amendment would give the plaintiff an unfair advantage in proceedings.

■ In the present case, the trial date has not been set. This factor weighs heavily in favor of permitting amendment. BOH uses prior discovery sanctions against Thomsen as evidence that Thomsen's present request is an abuse of the discovery process. In *Foman*, the U. S. Supreme Court made it quite clear that the Federal Rules of Civil Procedure, which American Samoa's rules mirror, were created to facilitate a proper decision on the merits of the case, and to avoid a game of technicalities about pleading. *Foman*, 371 U.S. at 181-82. Accordingly, we will not prevent amendment of a pleading regarding matters which are material to

the case unless we see actual prejudice to the defendant or, perhaps, concrete evidence of bad faith.

BOH's assertion that it will be prejudiced by the necessity of conducting additional discovery is unpersuasive. Discovery regarding the amendments would have been required at some point regardless of whether such claims were made at the outset, or whether they are added now as amendments. We have no analysis from BOH as to how its additional hardship from a less efficient discovery process should outweigh the desirability of having all relevant, triable issues on the table at once. We similarly have no claim by BOH alleging that the amended information was available or known to Thomsen at the time of the original pleadings, or any reason why we should assume that Thomsen purposely delayed the amendment process for strategic advantage.

Accordingly, the amended complaint will be accepted according to our discretion. Thomsen's motion to amend his complaint is granted.

It is so ordered.